856 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John PEROTTI, Plaintiff-Appellant,
v.
Sgt. Raymond SHANER, Defendant-Appellee.
 No. 87-4024.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1988.
 
 Before BOYCE F. MARTIN, Jr., RALPH B. GUY, Jr., and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 John Perotti appeals a judgment dismissing his complaint seeking damages for the violation of his first amendment rights.
 
 
 2
 Perotti is an inmate at the Southern Ohio Correctional Facility. Pursuant to 42 U.S.C. Sec. 1983, Perotti filed suit against Raymond Shaner, mail office supervisor at the facility, and Wayne Chambliss, security supervisor at the facility, alleging that the defendants opened, censored, and destroyed his outgoing mail in violation of the first amendment. The defendants filed affidavits stating that some prisoners at the facility had passed contraband to each other through a scheme of intentionally misaddressed mail. In this scheme, prisoner A would mail an envelope bearing prisoner B's return address. Prisoner A would also be sure that the envelope bore a defective outgoing address, bore inadequate postage, or was otherwise defective so that the envelope and its contents would be "returned" to prisoner B after the post office was unable to deliver the envelope. In response to this scheme, prison officials instituted a policy of inspecting defective mail before it left the prison mailroom.
 
 
 3
 Both parties filed motions for summary judgment. The magistrate recommended granting the defendant's motion for summary judgment. After a de novo review, the district court adopted the magistrate's report and recommendation and granted the defendant's motion for summary judgment.
 
 
 4
 Under Procunier v. Martinez, 416 U.S. 396, 414 (1974), prison officials may regulate inmate correspondence where such regulation is "generally necessary to protect one or more the the legitimate governmental interests" of security, order, and rehabilitation. Here, we find that the prison officials reasonably responded to a legitimate threat to prison security.
 
 
 5
 Accordingly, the judgment of the district court is affirmed.